Eoleett, J.
We need not examine or restate the principles governing the constructions of wills, for in Townsend v. Townsend, 25 Ohio St. 477, this court held that:
“ 1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.
“ 2. Such intention must be ascertained from the words contained in the will.
“3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear from the context that they were used by the testator in some secondary sense.
“ 4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it.”
The will and facts show that Thomas McKelvey remembered each brother and sister, and the children of those deceased, and the children of his infirm sister, Elizabeth; and that he did not intend to die intestate as to any part of his property. Collier v. Collier, 3 Ohio St. 373. He considers all his estate to be money, and that no debts exist.
The sole question is, when all the first eleven items as specified in the will are satisfied, amongst whom shall the residue be divided ?
“ Item 12 ” reads : “ It is my will and desire that whatever money will be left after paying the different sums given to my heirs in this, my last will and testament, shall be divided equally amongst them.”
The word “them” personates and refers to the words “ my heirs,” as there qualified; but what persons were in *218 tended by the testator when he thus used the words “ my heirs?” They are persons to whom the testator gave different sums in the will. In the strictly proper sense of the word heir, no one is an heir until after the death of the ancestor; yet we use the word heirs as including heirs-at-law, heirs presumptive, and heirs apparent. Iu arriving at its true meaning in a particular will, we must look at all parts of the will to see in what sense the word is used by the testator. When the testator uses the word heirs, does he mean to designate children, or brothers and sisters, or legatees, or heirs apparent ? etc.
In this will the testator used “ heirs ” for children of his living sister, Elizabeth, and for the child of his deceased sister, Margaret, and for the children of his deceased brothers, James and'Robert. In other parts of his will the testator does not designate his brothers or sisters as his heirs, but he calls each one deceased, “ my deceased brother ” or “my sister,” and he calls each one living, “my brother” or “ my sister.”
He gives nothing to his living sister, Elizabeth. As she was old and infirm the testator probably expected to outlive her, and so regarded her as dead, and he gave to her children, by name, as though she were dead (and she was dead when the ease was tried in the district court).
Had Elizabeth been dead, all his relatives to whom he gave legacies would have been all his heirs apparent.
In the first eleven “ items ” of his will, the testator calls no one his heir; but he used the word heirs either for children who could inherit from a deceased parent, or for children who were heirs apparent of a living sister.
The testator had given nothing to his deceased brothers and sister, or to a living sister, but he had given by name to each one of their children — their heirs-at-law and heirs apparent — .as the persons who should share definite portions of his property. From his bounty, for apparently good reasons, probably regarding her as deceased, he had left out his living sister, Elizabeth, but he gave to her children, designating them as her heirs, and to his heirs apparent (in- *219 eluding as such the children of Elizabeth) he had given carefully computed legacies of different amounts. These heirs apparent he seems to regard as his own heirs; and he does not express a desire that the residue of his property should be divided among those named in proportion to the sums given.
Had the testator died intestate as to the residue, the law would divide it, as the living brothers claim it should be divided now. But a testator is not presumed to die intestate as to any part of his estate. Collier v. Collier, supra. And here the testator declares in Item 12 : “ It is my will and desire that whatever money will be left after paying the different sums given to my heirs, in this, my last will and testament, shall be equally divided amongst them.” His thoughts are upon the residue, and to whom and how this residue shall go. His use of the word “ heirs,” and the nature of the gifts and legacies, do not show that in the use of the words “ my heirs ” he included all the legatees. And the most reasonable meaning of the testator in this will is, that the word “ them ” refers to the “ heirs ” to whom different sums had been given in this will.
In his will he had given “ different sums” to twenty-two persons, who were heirs apparent, if we regard Elizabeth as deceased, as the testator seemed to regard her.
The money left — the residue — should be “ divided equally amongst them,” the twenty-two “heirs” named in the will. Only the residue is in dispute here.
This construction is in harmony with every part of the will, and gives effect to each part. See Huston v. Crook, 38 Ohio St. 328.
The judgment of the district court is reversed, and cause remanded for further proceedings.
Johnson, J., dissented.